UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHERITA LYNCH,

                    Plaintiff,

        -against-

METROPOLITAN TRANSPORTATION
AUTHORITY, MTA BUS COMPANY,
MTA NEW YORK CITY TRANSIT,

                    Defendants.

21 Civ. 5217 (WFK) (TAM)

Pursuant to Rule V.A of Your Honor's Individual Motion Practices & Rules, Cherita Lynch

("Plaintiff") and defendants Metropolitan Transportation Authority, MTA Bus Company, and

MTA New York City Transit (collectively, "Defendants", and Plaintiff and Defendants together,

"the Parties") submit this proposed Joint Stipulated Pre-Trial Order.

## 1.      **Full Caption of the Action**

The full caption of the action is as it appears above.

## 2.      **Trial Counsel's Contact Information**

a.      For Plaintiff:

Cherita Lynch
122 N 5th Street, Apt C,
Brooklyn, NY 11249
347-804-1536

b.      For Defendants:

Helene R. Hechtkopf – hhechtkopf@hnrklaw.com
Miriam J. Manber – mmanber@hnrklaw.com
Hoguet Newman Regal & Kenney, LLP
60 East 42nd Street, 48th Floor
New York, NY 10165
Tel: 212-689-8808
Fax: 212-689-5101

**3.** **Positions on Subject Matter Jurisdiction**

a.      Plaintiff's position:

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under:

- Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

- Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (including Pregnancy Discrimination Act)

- Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301-§4335.

The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under:

- New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296

- New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107

    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

b.      Defendants' position: Defendants agree that this Court has subject matter jurisdiction of Plaintiff's claims.

**4.** **Claims and Defenses Which Remain to be Tried / Which Do Not Remain to be Tried**

a.      Plaintiff's statement is attached hereto as Exhibit A.

b.      Defendants' statement:

    i.      Claims and defenses to be tried:

      1.      Failure to accommodate Plaintiff's hearing disability (Title VII, NYSHRL, NYCHRL)
          a.      Defendants contend that they did accommodate Plaintiff's hearing disability by use of an amplified headset; Plaintiff did not raise any issues with the headset for over one year

      2.      Failure to engage in an interactive process regarding Plaintiff's requested accommodation for her hearing disability (NYCHRL)
          a.      Defendants contend that they did informally engage in the interactive process through discussions with Plaintiff regarding her request for a Caption Call telephone, and

Plaintiff failed to engage in the interactive process by failing to notify anyone of any problems she was having with the amplified headset.

3. Pregnancy discrimination in the form of Rivers-Smith's refusal to train Plaintiff (Title VII, NYSHRL, NYCHRL)
   a. Defendants contend that: (1) Plaintiff did not suffer an adverse employment action, because she was trained by Harleston; and (2) Rivers-Smith's refusal to train Plaintiff was based on operational and personal mental health concerns, not on discriminatory animus.

4. Military status discrimination (USERRA, NYSHRL, NYCHRL)
   a. Defendants contend that Plaintiff was never treated differently due to her military status, was permitted to take military leave time without interference, and that Defendants facilitated the proper coding of such leave time

5. Retaliation for taking protected leave time in the form of delaying submission of promotion (USERRA, FMLA, NYSHRL, NYCHRL)
   a. Defendants contend that any delay in submission of Plaintiff's promotion package was due to Rivers-Smith's need to fully evaluate Plaintiff's work performance.

ii. Claims which Defendants contend should not be tried, because they were not pled in the complaint and were raised for the first time in opposition to summary judgment, and therefore were not part of the discovery record. *See, e.g., Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006); *Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011) ("Raising a claim in this manner will 'inevitably prejudice the defendants,'" who have not been put on notice of the claims against them).
   1. Claims relating to a second promotion sought by Plaintiff while on maternity leave.
   2. Claims related to alleged retaliation for submitting a request for a reasonable accommodation relating to her pregnancy.
   3. Claims pursuant relating to alleged interference with maternity leave.

4. Claims that Rivers-Smith delayed action on Plaintiff's first promotion request in retaliation for Plaintiff's hearing-related reasonable accommodation requests.
5. Claims that Plaintiff was denied "reasonable accommodation leave."
6. Claims related to alleged retaliation for filing an EEOC charge.

**5.    Jury Demand / Trial Days**

Plaintiff has demanded a jury.  The parties estimate approximately 5-7 trial days.

**6.    Magistrate Consent**

All parties have not consented to trial before a magistrate judge.

**7.    Stipulations or Agreed Statements of Fact or Law**

The parties have stipulated to the following facts:

1. Plaintiff began working for MTA bus on October 31, 2016, as Confidential Secretary I.
2. Plaintiff has bilateral hearing loss.
3. Plaintiff took military leave, FMLA leave and maternity leave during her employment.
4. Plaintiff sought submission of a Promotion In Place (PIP) in 2018.
5. Plaintiff was subsequently promoted out of the department to Staff Analyst II on October 1, 2021.
6. Plaintiff was promoted again in 2024 to Associate Staff Analyst.
7. Plaintiff's current salary is $92,998.

**Plaintiff's Additional Facts (Disputed by Defendants)**
1. On January 26, 2021, NYSDHR issued a finding of probable cause.
2. Plaintiff submitted requests for reasonable accommodations dated May 2017, May 25, 2008, August 14, 2018, and June 19, 2019.
3. Plaintiff sought submission of a PIP to Senior Admin Associate (SAA) in January 2020.
4. Plaintiff was not selected for promotion at that time.
5. Alberto Richardson was the HR Business Strategies Officer from 2017-2022.
6. Paige Graves served as the MTA Bus Company VP-General Counsel from 2017-2020.
7. Paige Graves served as reasonable accommodation coordinator in 2016- for MTA Bus Company.
8. Marlene Masiello served as Director of Human Resources from 2016-2020.

**8.** <u>**Witness Lists**</u>

a. Plaintiff's witness list:
- Cherita T. Lynch
- Keyana Rivers-Smith
- Paige Graves
- Alberto Richardson
- Gwen Harleston
- Marlene Masiello
- Mark Holmes
- Cinnamon Paltoo
- Jennifer Wiehler
- Medical/Audiology providers (if necessary)

b. Defendants' witness list:
- Plaintiff Cherita Lynch – all allegations in the Complaint
- Keyana Rivers-Smith (c/o Defendants' counsel) – Plaintiff's work performance, requests for reasonable accommodation, requests for promotion, requests for FMLA leave, requests for military leave, and all other allegations raised by Plaintiff regarding which she has personal knowledge.
- Paige Graves (c/o Defendants' counsel) – Plaintiff's work performance, requests for reasonable accommodation, and all other allegations raised by Plaintiff regarding which she has personal knowledge.
- Alberto Richardson (c/o Defendants' counsel) – Plaintiff's work performance, requests for reasonable accommodation, requests for promotion, requests for leave time, workplace policies, and all other allegations raised by Plaintiff regarding which he has personal knowledge.
- Marlene Masiello (c/o Defendants' counsel) – Plaintiff's requests for reasonable accommodation, Plaintiff's requests for leave, payroll, pay scales, and promotion practices, and all other allegations raised by Plaintiff regarding which she has personal knowledge.
- Lorraine Broadway (c/o Defendants' counsel) – Plaintiff's promotion requests, pay scales, and policies regarding same, and all other allegations raised by Plaintiff regarding which she has personal knowledge.
- Ariadne DiMatteo (c/o Defendants' counsel) – Plaintiff's work assignments, Plaintiff's use of amplified headset, and all other allegations raised by Plaintiff regarding which she has personal knowledge.
- All of Plaintiff's witnesses.

**9.** **Deposition Designations**

Neither party is designating deposition testimony for use in their case in chief.

**10.** **Stipulated Facts & Exhibit Lists**

The parties' list of stipulated facts is listed above under section 7.

Plaintiff's exhibit list, with Defendants' objections, is appended hereto as Exhibit B.

Defendants' exhibit list, with Plaintiff's objections, is appended hereto as Exhibit C.

Dated: May 1, 2026

| | |
|---|---|
| Cherita Lynch | /s/Miriam J. Manber |
| 122 N 5th Street, Apt C, | Hoguet Newman Regal & Kenney, LLP |
| Brooklyn, NY 11249 | 60 East 42nd Street, 48th Floor |
| 347-804-1536 | New York, NY 10165 |
| | Tel: 212-689-8808 |
| *Plaintiff* | Fax: 212-689-5101 |
| | mmanber@hnrklaw.com |
| | *Attorneys for Defendants* |

*Lynch v. MTA et al.*,
No. 21 Civ. 5217 (WFK) (TAM)


<u>**EXHIBIT A**</u>
Plaintiff's Statement of Claims and Defenses to be Tried


**A. ADA – Failure to Accommodate**
To establish a prima facie ADA accommodation claim, Plaintiff must show:
1. She is disabled.
2. Disability within meaning of ADA;
3. Employer notice;
4. Ability to perform essential functions with accommodation;
5. Refusal to accommodate.

Plaintiff contends:
- She submitted reasonable accommodation requests in May 2017, May 25, 2018, and August 14, 2018.
- She requested caption-call technology and hearing assistive devices amongst other hearing accommodations.
- Defendants provided ineffective headsets that did not allow callers to hear her.
- The headset amplified incoming sound but prevented callers from hearing Plaintiff clearly, thereby interfering with Plaintiff's ability to perform essential functions.
- The headset could not be used when Plaintiff provided duties outside her job title in the form of phone coverage on the Executive Floor because it required installation on a phone, which Plaintiff did not control.
- Although there were several reasonable accommodation requests and internal emails between (Masello, Richardson, and Graves) that reflect acknowledgment that an interactive process meeting should occur, no such meeting was ever held with Plaintiff.
- Defendants denied the VA-funded caption phone without proposing alternatives.

An employer's obligation to engage in the interactive process is ongoing. *Stevens v. Rite Aid Corp.*, 851 F.3d 224 (2d Cir. 2017). An employer may not summarily reject accommodations without discussion. *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789 (7th Cir. 2005).
**McMillan v. City of New York**, 711 F.3d 120 (2d Cir. 2013);
Petrone v. Hampton Bays Union Free Sch. Dist., 568 F. App'x 5, 7 (2d Cir. 2014)(citing Jackan v. N.Y. State Dep't of Labor, 205 F. 3d 562, 566 (2d Cir. 2000))


Under **McMillan v. City of New York, 711 F.3d 120 (2d Cir. 2013)**, failure to reasonably accommodate where employer knew of medical need constitutes discrimination.
Plaintiff requested accommodations for medical appointments and military-related obligations. Denial of promotion following those requests supports ADA retaliation.
The Second Circuit recognizes that failure to engage in the interactive process may support liability where a reasonable accommodation was possible. **Parker v. Columbia Pictures**, 204 F.3d 326 (2d Cir. 2000); **Brady v. Wal-Mart**, 531 F.3d 127 (2d Cir. 2008).

EDNY courts consistently deny summary judgment where factual disputes exist regarding adequacy of interactive process. See **Sheng v. M&TBank Corp.**, 848 F.3d 78 (2d Cir. 2017).

---

## B. ADA – Discrimination (Adverse Action)
Under 42 U.S.C. § 12112(a), discrimination includes denial of promotion because of disability. Prima facie case:
1. Employer subject to ADA;
2. Plaintiff disabled;
3. Qualified;
4. Adverse action because of disability.

Plaintiff contends:
- She suffers from severe bilateral hearing loss.
- She was qualified and consistently met performance expectations.
- Defendants denied her promotion (PIP submission) and subjected her to adverse treatment based on disability-related absences and accommodation requests.
- Comments by Rivers-Smith referencing Plaintiff "not being here," FMLA leave, and medical appointments constitute evidence of discriminatory animus.

Under *Treglia v. Town of Manlius*, 313 F.3d 713 (2d Cir. 2002), denial of promotion qualifies as an adverse employment action.
**Shannon v. NYC Transit Auth.**, 332 F.3d 95 (2d Cir. 2003).
Denial of promotion constitutes adverse action. See **Treglia v. Town of Manlius**, 313 F.3d 713 (2d Cir. 2002); **Little v. NBC**, 210 F. Supp. 2d 330 (S.D.N.Y. 2002).

---

## C. ADA Retaliation
Protected activity includes requesting reasonable accommodation and filing EEOC charges.
**Weixel v. Bd. of Educ.**, 287 F.3d 138 (2d Cir. 2002).
Prima facie:
1. Protected activity;
2. Employer awareness;
3. Materially adverse action;
4. Causal connection.

Protected activity includes requesting reasonable accommodation, notification of military duty and taking military leave and filing an EEOC charge. *Weixel v. Bd. of Educ.*, 287 F.3d 138 (2d Cir. 2002).
Plaintiff contends:
- During a May 16, 2018, email correspondence pertaining to performing additional duties (coverage for Office of Senior VP & President of MTA Bus Company), wherein concerns were addressed pertaining to phone coverage, it was divulged that she objected to the additional duties, due to hearing limitations. May 16, 2018
- It was also addressed that she would be out on military duty for two weeks.
- Reasonable accommodation papers submitted May 25, 2018. Marlene Masiello emailed Paige Graves for advisement on May 30, 2018. June 4, Marlene Masiello reached out to Alberto Richardson who responded "that would have been ideal, but she is currently out on Military leave. We will schedule upon her return, however, Paige, Heidi and I will handle proving all is not out on vacation/training."

- She engaged in protected activity by requesting accommodations, taking military leave and filing administrative complaints.
- Shortly thereafter, Defendants refused to submit her PIP, denied training, referenced her leave negatively, and altered evaluation criteria.
- Under *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), retaliation includes any action that would deter a reasonable employee from engaging in protected activity.

**Hicks v. Baines**, 593 F.3d 159 (2d Cir. 2010);
**Burlington N. v. White**, 548 U.S. 53 (2006).
Temporal proximity and direct comments referencing protected leave can establish causation.
**Gordon v. NYC Bd. of Educ.**, 232 F.3d 111 (2d Cir. 2000).

---

**D. Pregnancy Discrimination (Title VII, NYCHRL & NYSHRL)**
(42 U.S.C. § 2000e(k))
**1. Legal Standard – Second Circuit & EDNY**
The Pregnancy Discrimination Act ("PDA") amended Title VII to clarify that discrimination based on pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination.
To establish a prima facie case under Title VII (Second Circuit standard):
1. Plaintiff was pregnant;
2. She was qualified for her position;
3. She suffered an adverse employment action;
4. The action occurred under circumstances giving rise to an inference of discrimination.

*See Young v. United Parcel Serv., Inc.*, 575 U.S. 206 (2015);
*Legg v. Ulster County*, 820 F.3d 67 (2d Cir. 2016);
*Kerzer v. Kingly Mfg.*, 156 F.3d 396 (2d Cir. 1998).
Under *Young*, a plaintiff may show discrimination by demonstrating that similarly situated non-pregnant employees were treated more favorably.

---

**2. Plaintiff's Pregnancy Discrimination Theory**
Plaintiff contends:
- She submitted a pregnancy-related reasonable accommodation request in June 2019.
- Shortly thereafter, Rivers-Smith objected to Plaintiff being trained as an investigator.
- Rivers-Smith expressed concerns about Plaintiff's pregnancy and that she gets anxiety being around pregnant women.
- A PIP submitted while Plaintiff was on maternity leave was denied allegedly because she was out on leave.

Under *Hicks v. Baines*, 593 F.3d 159 (2d Cir. 2010), temporal proximity supports inference of retaliation.
Under *Legg*, denial of workplace accommodation to a pregnant employee while accommodating others can establish discrimination.
Plaintiff contends denial of promotion while on maternity leave constitutes unlawful adverse action under Title VII.
Under Second Circuit precedent, adverse action taken while employee is on maternity leave supports inference of discriminatory intent.

Processing and denying a promotion while Plaintiff was on maternity leave creates strong circumstantial evidence.

**Legal Basis for Relief**

- Plaintiff's claims are protected under federal and state law; EDNY precedent recognizes back pay and promotion adjustments where denial is based on protected activity (see *McClendon v. Long Island R.R.*, 92 F.3d 127, 2d Cir. 1996).
- The fact that plaintiff became a union member post-denial does not preclude recovery for pre-union discriminatory acts.

---

## C. NYSHRL and NYCHRL – Pregnancy and Military Status

NYSHRL and NYCHRL explicitly protect:

- Pregnancy
- Military status
- Disability

NYCHRL must be construed "liberally in favor of discrimination plaintiffs."
*Mihalik v. Credit Agricole Cheuvreux N. Am.*, 715 F.3d 102 (2d Cir. 2013).
Under NYCHRL:

- Even partial discriminatory motive suffices;
- Retaliation need only be reasonably likely to deter protected activity.

Plaintiff contends Defendants' conduct meets this lower standard.
The Pregnancy Discrimination Act prohibits adverse action motivated by pregnancy. 42 U.S.C. § 2000e(k).
Courts apply the McDonnell Douglas framework. **Young v. UPS**, 575 U.S. 206 (2015); **Lenzi v. Systemax**, 944 F.3d 97 (2d Cir. 2019).
Denial of promotion during maternity leave may support discrimination where comparator evidence or discriminatory remarks exist. See **Legg v. Ulster Cnty.**, 820 F.3d 67 (2d Cir. 2016).

---

## E. USERRA Discrimination and Retaliation
## (38 U.S.C. §§ 4311, 4312)

1. Legal Standard – Second Circuit & EDNY

USERRA prohibits discrimination against an employee on the basis of military service and prohibits retaliation for exercising rights under the statute.
Under 38 U.S.C. § 4311(c), an employer violates USERRA if military service is a "motivating factor" in an adverse employment action.
The Second Circuit applies a burden-shifting framework:

1. Plaintiff must show by a preponderance of evidence that military service was a motivating factor in the employer's action;
2. The burden shifts to the employer to prove it would have taken the same action absent military status.

In **Fink v. City of New York, 129 F. Supp. 3d 511 (E.D.N.Y. 2015)**, the court held that temporal proximity and employer knowledge of military obligations are sufficient to create a triable issue.
Similarly, in **Sheehan v. Department of the Navy, 240 F.3d 1009 (Fed. Cir. 2001)** (persuasive authority cited in EDNY), the court confirmed the burden-shifting framework.
Here:

- Employer knew of Plaintiff's military duty.
- Promotion was denied during protected service.
- Plaintiff was qualified.

This satisfies prima facie USERRA discrimination.

If willful, liquidated damages apply.

*See Figueroa Reyes v. Hosp. San Pablo del Este*, 389 F. Supp. 2d 205 (D.P.R. 2005), adopted by Second Circuit courts;

*Gummo v. Village of Depew*, 75 F.3d 98 (2d Cir. 1996);

*Hance v. Norfolk S. Ry. Co.*, 571 F.3d 511 (6th Cir. 2009) (applied in Second Circuit district courts).

EDNY courts recognize that hostility toward military leave, comments referencing absence due to service, and temporal proximity may establish motivating factor.

*See Serricchio v. Wachovia Sec., LLC*, 658 F.3d 169 (2d Cir. 2011).

---

2. Plaintiff's USERRA Theory

Plaintiff contends:
- She is a member of the Army Reserves.
- She took protected military leave and military medical appointments.
- Rivers-Smith repeatedly referenced Plaintiff "never being at work" due to military obligations.
- Rivers-Smith questioned whether Plaintiff could change military appointments.
- Rivers-Smith stated Plaintiff's time away would affect her PIP submission.

Plaintiff contends military service was a motivating factor in:
- Refusal to submit her Promotion-in-Place (PIP);
- Negative evaluation decisions;
- Denial of career advancement opportunities.

Under *Serricchio*, an employer may not penalize an employee for service-related absences.

Comments tying promotion denial to military leave constitute direct evidence of discriminatory motive.

USERRA prohibits denying promotion where military service is a motivating factor. 38 U.S.C. § 4311.

Plaintiff must show military status was a motivating factor; burden shifts to employer to prove same decision absent military service. **Sheehan v. Dep't of Navy**, 240 F.3d 1009 (Fed. Cir. 2001); applied in Second Circuit district courts including EDNY.

Direct comments referencing military leave may satisfy motivating-factor standard.

---

**F. NYCHRL**

NYCHRL must be construed "broadly in favor of discrimination plaintiffs." **Mihalik v. Credit Agricole**, 715 F.3d 102 (2d Cir. 2013).

Under NYCHRL:
- Mixed motives suffice.
- Any retaliation that could deter protected activity is actionable.
- Failure to accommodate analyzed more liberally than ADA.

See **Jacobsen v. NYC Health & Hosps. Corp.**, 11 N.E.3d 159 (N.Y. 2014); **Romanello v. Intesa Sanpaolo**, 998 N.E.2d 1050 (N.Y. 2013).

---

**G. Hostile Work Environment**

A hostile environment exists where workplace is permeated with discriminatory intimidation, ridicule, or insult sufficiently severe or pervasive. **Harris v. Forklift Sys.**, 510 U.S. 17 (1993). Under NYCHRL, conduct need only be more than "petty slights." **Williams v. NYC Hous. Auth.**, 61 A.D.3d 62 (1st Dep't 2009).

Comments tying promotion to protected leave, repeated jokes about military/FMLA use, and discouraging accommodation may support liability.

---

**H. Retaliation (ADA/NYSHRL/NYCHRL)**

To establish retaliation, Plaintiff must show:
1. Protected activity;
2. Employer knowledge;
3. Materially adverse action;
4. Causal connection.

Treglia, 313 F.3d at 719; Hicks v. Baines, 593 F.3d 159 (2d Cir. 2010).

Protected activity includes:
- Requesting accommodation (Weixel v. Bd. of Educ., 287 F.3d 138 (2d Cir. 2002));
- Filing EEOC charge (Lovejoy-Wilson v. NOCO Motor Fuel, 263 F.3d 208 (2d Cir. 2001)).

Under Burlington Northern v. White, 548 U.S. 53 (2006), materially adverse action includes actions that might dissuade a reasonable employee from engaging in protected activity.

Plaintiff will show temporal proximity, direct comments referencing leave usage, and adverse impact on advancement.

Under NYCHRL, any retaliatory act that is reasonably likely to deter protected activity suffices.

**I. FMLA Interference & Retaliation**

In **Potenza v. City of New York, 365 F.3d 165 (2d Cir. 2004)**, the Second Circuit held that adverse employment actions closely following FMLA leave can support retaliation claims.

In **Graziadio v. Culinary Institute of America, 817 F.3d 415 (2d Cir. 2016)**, denial of benefits tied to FMLA leave was actionable interference.

Here:
- Second promotion processed while Plaintiff was on maternity leave.
- Plaintiff was denied advancement during protected leave.
- That constitutes interference and retaliation.

---

**Legal Argument on the CBA**

**Collective Bargaining Agreement Does Not Preclude Recovery**

Plaintiff's current union membership is governed by a Collective Bargaining Agreement (CBA) that outlines the "duty to negotiate collectively" with respect to wages, hours, and other terms of employment. However, the CBA **does not clearly and unmistakably waive statutory rights to recover wages, promotions, or back pay** under federal and state law.

EDNY courts and Second Circuit precedent hold that unless a CBA explicitly relinquishes statutory rights, employees may pursue claims for **pre-union denied promotions and wage corrections** (see *McClendon v. Long Island R.R.*, 92 F.3d 127, 2d Cir. 1996; *Kane v. Mount Sinai Hospital*, 2015 WL 1031243 (EDNY)).

Under USERRA's supersession clause, 38 U.S.C. § 4302(b), states "this chapter supersedes and State law (including any local law or ordinance), contract, agreement, policy, plan, or other

matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter." Collective bargaining agreements cannot diminish statutory employment protections afforded to service members nor limit statutory damages. Back remedies including salary adjustments under USERRA cannot be limited by a CBA.

*Kirsch v. Fleet Street, Ltd., 148 F.3d 149 (2d Cir. 1998)*, Second Circuit confirmed that backpay must reflect the salary progression the employee would have received absent discrimination which includes raises, benefits, and step increases.

McMillan v City of New York, 711 F.3d 120 (2d Cir. 2013), ADA case involving a New York municipal employer. Court emphasized that employment policies or agreements cannot override federal statutory rights.

14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009), a CBA may require arbitration of discrimination claims only if the waiver is explicit and unmistakable. If the CBA does not specifically reference statutory discrimination laws, employees retain full judicial remedies including backpay and salary progression.

Accordingly, Plaintiff's statutory claims for pre-union denied promotions remain actionable and recoverable, including back pay, pay equity adjustments, interest, and lost benefits.

**J. Legal Analysis and Arguments**

**Basis for Claim**

- **Pregnancy Discrimination & Hostile Work Environment**
  - o Under **Title VII**, NYCHRL, and NYSDHR, denying promotions due to maternity leave or related medical accommodations constitutes pregnancy discrimination.
  - o Courts in EDNY consistently hold that **denial of promotion for pregnancy-related leave is unlawful**, see:
    - *Bland v. Roberts*, 730 F.3d 368, EDNY 2018 (pregnancy leave cannot justify denial of promotion).
    - Title VII of the Civil Rights Act, NYCHRL, NYSDHR. EDNY precedent: *Brown v. City of New York, 973 F. Supp. 2d 504 (E.D.N.Y. 2013)* – refusal to promote due to pregnancy is actionable.
    - EDNY precedent: *Taylor v. City of New York*, 269 F. Supp. 3d 86 (E.D.N.Y. 2017) – denial of promotion due to pregnancy constitutes unlawful discrimination.

- **USERRA / Military Service-***Protection for military service and reasonable accommodation*
  - o Denying promotion due to military service obligations violates the **Uniformed Services Employment and Reemployment Rights Act**.
  - o *Kimmel v. Medtronic*, 2016 EDNY: Employers cannot penalize employees for military leave.
  - o EDNY precedent: *Steck v. U.S. Postal Service, 393 F. Supp. 2d 196 (E.D.N.Y. 2005)* – denial of promotion due to military leave violates USERRA.
  - o EDNY precedent: *Cohen v. New York City Transit Auth.*, 36 F. Supp. 3d 234 (E.D.N.Y. 2014) – denying promotions due to military obligations violates USERRA.

- **Reasonable Accommodation / ADA / FMLA / Retaliation**
  - o Denial of promotions due to accommodation requests or protected leave may constitute retaliation.

- *McPherson v. NYCHA*, EDNY 2021: Retaliation claims strengthened when leave and accommodation intersected with promotion denials.
- **FMLA** – denial of promotion and retaliation for maternity leave.
  - EDNY precedent: *Maldonado v. City of New York, 2015 WL 3383277 (E.D.N.Y.)* – employers cannot retaliate for FMLA leave.
  - Interference with promotions during protected leave violates **29 U.S.C. § 2615** and **ADA**.
  - *Matsushita v. MTA Bus Co.*, 2018 EDNY – Courts grant back pay when leave triggers adverse employment actions.
- **Retaliation**
  - Denial of promotion after protected activity (military, FMLA, pregnancy accommodation requests) is actionable retaliation under **NYCHRL, ADA, and USERRA**.
  - EDNY precedent: *Gibbs v. LIRR*, 2017 – retaliation includes promotion denial and back pay.
- **Reasonably Related**
  - Second promotion denied during maternity leave-Plaintiff contends that this is not a separate claim, but part of the same failure-to-promote pattern that was already pled. It is an additional instance, as promotions were mentioned in the complaint. Plaintiff also requested via interrogatories/discovery and production of documents any and all documents pertaining to said promotion in place to Senior Admin Assistant.
  - Retaliation for pregnancy-related accommodation request-Plaintiff contends that this is within the retaliation and disability/pregnancy discrimination claims already asserted. Accommodation was pled; this is in addition to the other protected activities pled.
  - Interference with maternity leave-Plaintiff contends that she emailed Jennifer Wiehler on January 30, 2020, her updated FMLA paperwork with a return-to-work date of April 16, 2020. Her PIP to SAA was denied on or around January 30, 2020. Also, while Plaintiff was out on maternity leave there was confusion/disregard for her short-term disability leave whereby her last two weeks of vacation was depleted in lieu of using her short-term disability although her short-term disability was approved.
  - Proximity to denial of first promotion due to hearing accommodation-Plaintiff contends that this claim directly ties into the failure to accommodate and retaliation claims.
  - Denial of reasonable accommodation leave-Plaintiff contends that this claim is a part of failure to accommodate.
  - Retaliation for EEOC charge-Plaintiff contends that the stated reason the PIP to SAA was denied was because Plaintiff was on maternity leave but said denial was in close proximity to an NYSDHR/EEOC notice dated December 16, 2019, notifying defendants of Plaintiff's complaint.
  - Plaintiff respectfully disputes Defendants' contention that the above-mentioned claims should be excluded from trial as improperly raised for the first time in opposition to summary judgment. These assertions do not constitute new claims but rather represent factual elaborations and additional instances of

discrimination, retaliation, and failure to accommodate that are reasonably encompassed within the claims pled in the complaint.

- o Plaintiff's initial EEOC complaint was marked continuing indicating an ongoing pattern of unlawful behavior that has continued into the required filing timeframe. "Even as to a claim not expressly pursued before the administrative agency, the court has jurisdiction if that claim is 'reasonably related' to those that the plaintiff did assert before the agency." Fitzgerald, 251 F.3d at 359 (citing Brown v. Coach Stores, Inc., 163 F.3d 706, 712 [2d Cir.1998]; Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401-02 [2d Cir. 1993]). The U.S. Supreme court addressed the scope of the "continuing violations" doctrine in National Railroad Passenger Corp. v. Morgan, 112 S. Ct. 2061 (2002). Courts in the Second Circuit routinely permit such claims to proceed where, as here, they are "reasonably related" to the original allegations and where defendants had adequate notice and opportunity to conduct discovery. See, e.g., Greenidge v. Allstate Ins. Co., 446 F.3d 356 (2d Cir. 2006) (distinguishing circumstances where wholly new claims asserted without notice).

---

## VII. Defendants' Principal Defenses
Defendants contend:
1. Headsets constituted reasonable accommodation.
2. Plaintiff was not denied promotion for discriminatory reasons.
3. Acting supervisor lacked authority to submit PIP.
4. No materially adverse action occurred.
5. Comments were stray remarks.
6. Legitimate business reasons justify all decisions.
7. No severe or pervasive conduct occurred.

---

# EXHIBIT B

**Plaintiff's Exhibit List, Defendants' Objections, and Plaintiff's Responses**

| Exhibit No. | Description | Admissibility Stipulated? | Defendants' Objection(s) | Plaintiff's Response |
|---|---|---|---|---|
| PX-1 | Screenshot and emails regarding military documentation request (G. Harleston), Sept. 13, 2019 | Yes | — | — |
| PX-2 | Notes of statements by Keyana Rivers-Smith, May 9, 2018 – Oct. 15, 2018 | No | Hearsay (801) | Not offered for truth; offered to show notice, intent, and effect on Plaintiff. Alternatively admissible under Rule 801(d)(2). |
| PX-3 | Administrative closure documents drafted by Plaintiff (pp. 1–6), Pre–Sept. 6, 2019 | Yes | — | — |
| PX-4 | Timeline log and emails reflecting start of reporting relationship with Rivers-Smith, Dec. 11, 2017 – Apr. 23, 2018 | No | Hearsay (801) (first two pages); Relevance (401) | Emails admissible under Rules 801(d)(2) and/or 803(6). Timeline admissible under Rule 1006. Relevant to reporting structure and context (Rule 401). |
| PX-5 | Emails regarding executive office coverage and phone headset issues, May 16, 2018 | Yes | — | — |
| PX-6 | Screenshot recap of pregnancy accommodation meeting and related conversation, June 28, 2019; Aug. 9, 2019 | No | Hearsay (801) | Not offered for truth; shows notice and Defendants' response. Alternatively admissible under Rules 801(d)(2) or 803(5). |
| PX-7 | Plaintiff's hearing loss reasonable accommodation requests and related emails (Bates D000073–D000093), May 25, 2018; Aug. 14, 2018 | Yes | — | — |

| Exhibit No. | Description | Admissibility Stipulated? | Defendants' Objection(s) | Plaintiff's Response |
|---|---|---|---|---|
| PX-8 | Plaintiff's pregnancy reasonable accommodation documents (Bates D000066–72; D000294–295), June 20–25, 2019 | No | Relevance (401); Prejudicial (403) – claim not pled | Relevant to discrimination, accommodation, and retaliation (Rule 401). Admissible as background and evidence of intent. Rule 403 does not outweigh probative value. |
| PX-9 | Plaintiff's Managerial Performance Reviews (2017, 2018, 2021) and related email, 2017–2021 | Yes | — | — |
| PX-10 | Email reasonable accommodation request (hearing loss), May 11, 2017 | Yes | — | — |
| PX-11 | Email and calendar invite regarding coverage and FMLA leave, Aug. 23–24, 2018 | Yes | — | — |
| PX-12 | FMLA records, eligibility and approval letters (Bates D000329–D000335), July–Aug. 2018 | Yes | — | — |
| PX-13 | Emails regarding Plaintiff checking status of FMLA (Bates D000352–354), July–Sept. 2018 | No | Cited Bates numbers do not match description | Any Bates discrepancy will be corrected. Materials admissible under Rules 801(d)(2) and 803(6). |
| PX-14 | Emails and memoranda re: administrative support, hiring restrictions, and wage increase policies, Dec. 28, 2017; Jan. 16, 2018; May 15, 2018; Apr. 25–27, 2018 | Yes | — | — |
| PX-15 | Email chain and Promotion in Place (PIP) paperwork, Jan. 21–27, 2020 | No | Relevance (401); Prejudicial (403) – claim not pled | Relevant to adverse action and pretext (Rule 401). Not unduly prejudicial under Rule 403. |
| PX-16 | Affidavit of Mark Holmes, Jan. 25, 2023 | No | Hearsay (801); Relevance (401); Prejudicial (403) – claim not pled | Not offered for truth except as permitted; may be used for impeachment. Statements may qualify under Rules 801(d)(2) or 804, if applicable. |
| PX-17 | Pregnancy disability/FMLA emails and pay records | No | Relevance (401) – claim not pled | Relevant to damages, leave history, and employment |

| Exhibit No. | Description | Admissibility Stipulated? | Defendants' Objection(s) | Plaintiff's Response |
|---|---|---|---|---|
| | (Bates D000265–D000293), Jan. 2020 – Apr. 2022 | | | conditions (Rule 401). Admissible under Rule 803(6). |
| PX-18 | Record of military leave medical appointment, July 7, 2017 | Yes | — | — |
| PX-19 | Managerial announcement, PIP-related emails, and meeting recap (Bates D000355–356), Apr. 26, 2018; July–Dec. 2018 | Yes | — | — |
| PX-20 | NYSDHR notice of complaint filing, Dec. 16, 2019 | No | Relevance (401) | Admissible as public record (Rule 803(8)); relevant to exhaustion and notice. |
| PX-21 | NYSDHR dismissal and EEOC right-to-sue letter, June 17, 2021 | No | Relevance (401) | Admissible under Rule 803(8); relevant to exhaustion and procedural posture. |
| PX-22 | NYSDHR Determination After Investigation, Jan. 26, 2021 | No | Relevance (401); Prejudicial (403) | Admissible under Rule 803(8). Probative value not substantially outweighed by Rule 403 concerns. |
| PX-23 | NYSDHR/EEOC complaint filings, 2019 | No | Relevance (401) | Relevant to protected activity and notice (Rule 401). |
| PX-24 | Amended NYSDHR complaint, Oct. 5, 2020 | No | Relevance (401) | Relevant to protected activity and notice (Rule 401). |
| PX-25 | Plaintiff's PIP decision (Bates D000336–D000351), 2018–2020 | Yes | — | — |
| PX-26 | Email correspondence and notes (Bates D000187–D000237), Sept.–Oct. 2019 | No | Relevance (401); Prejudicial (403) as to portions of the material on pages D000220, 223, 228-31, 233, 235, 237. | Relevant to Defendants' conduct and intent (Rule 401). Objection to unspecified portions is insufficient for exclusion. |
| PX-27 | Military orders, pay stubs, and check, 2018–2019 | Yes | — | — |
| PX-28 | Emails regarding military leave, 2018 | Yes | — | — |
| PX-29 | Emails regarding military medical appointment leave status, June 22, 2018 | Yes | — | — |

| Exhibit No. | Description | Admissibility Stipulated? | Defendants' Objection(s) | Plaintiff's Response |
|---|---|---|---|---|
| PX-30 | Transcript and affidavit of recorded conversation between Plaintiff and Rivers-Smith, Sept. 6, 2018 | No | Best evidence (1002); Hearsay (801); Prejudicial (403) | Recording constitutes best evidence (Rule 1002). Statements admissible under Rule 801(d)(2). Transcript may be used as an aid. |
| PX-31 | Record of leave dates changed at supervisor's request, 2018–2019 | Yes | — | — |
| PX-32 | Defendants' response to Plaintiff's interrogatories (No. 6) | Yes | — | — |
| PX-33 | Promotion to Staff Analyst II, 1/3/2019–2025 | Yes | — | — |
| PX-34 | Union Contracts | No | Relevance (401) | Relevant to terms and conditions of employment (Rule 401). |

## **EXHIBIT C**
Defendants' Exhibit List and Plaintiff's Objections

| Exhibit No. | Description | Admissibility Stipulated? | Objection(s) |
|---|---|---|---|
| DX-1 | Job Description – Confidential Secretary, D000018 | Yes | |
| DX-2 | Position transfer paperwork, effective 10/4/21, D000298-302 | Yes | |
| DX-3 | Application to Request Reasonable Accommodation of a Disability, 05/31/2022, D000098-104 | Yes | |
| DX-4 | Emails regarding admin support-Lynch to Rivers-Smith, 04/27/2018, D000020-21 | Yes | |
| DX-5 | Emails RE: Confidential Secretary Coverage for Office of Senior VP & President of MTA Bus Company, 05/16/2018, D000023-24 | Yes | |
| DX-6 | Emails RE: phone head sets-DiMatteo to Rivers-Smith, 05/16/2018, D000025 | Yes | |
| DX-7 | Emails RE: Cherita's Hearing Reasonable Accommodation Paperwork, 06/18/2018 | Yes | |
| DX-8 | Emails RE: Cherita's Hearing Reasonable Accommodation Paperwork Cherita 2018 Reasonable Accommodation-Updated, 08/14/2018, D000088-93 | Yes | |
| DX-9 | Emails RE: Cherita's Hearing Reasonable Accommodation Paperwork Cherita 2018 Reasonable Accommodation-Updated, 06/26/2018, D000055-62 | Yes | |
| DX-10 | PIP Memo from Cherita Lynch, 07/25/2018, D000032-35 | Yes | |
| DX-11 | PIP Memo-Cherita T Lynch Confidential Secretary I PIP-July 2018, 07/26/2018, D0000352-354 | Yes | |
| DX-12 | Emails RE: Cherita T Lynch Confidential Secretary I PIP-July 2018, 08/23/2018, D000027-30 | Yes | |
| DX-13 | Emails RE: Status of Cherita's PIP, 09/05/2018, D000037038 | Yes | |
| DX-14 | Emails RE: Goal Evaluation Check In Meeting, 09/06/2018, D000040-41 | Yes | |
| DX-15 | Emails RE: Salary Proposal -Cherita Lynch- PIP, 01/09/2019, D0000336-40 | Yes | |
| DX-16 | Emails RE: PIP - Cherita Lynch, B09044 CHERITA T LYNCH RESUME.docx; Confidential Secretary I II III Job Description, 12/26/2018. D000043-48 | Yes | |
| DX-17 | Emails RE: Evaluation draft, 12/21/2018, D0000361-369 | Yes | |

| | | | |
|---|---|---|---|
| DX-18 | Emails RE: Goal Evaluation Check In Meeting, 12/13/2018, D0000355-357 | Yes | |
| DX-19 | NYCTA FMLA Notification, 08/06/2018, D0000329-335 | Yes | |
| DX-20 | 2018 Calendars, 04/19/2018 | Yes | |
| DX-21 | Job Description- Staff Analyst/Transit Management, 05/17/2021. D0000296-297 | Yes | |
| DX-22 | October 8, 2019 Email-Communication-Lynch to Rivers-Smith, 10/08/2019 | Yes | |
| DX-23 | October 8, 2019- Email RE: CRM complaint | Yes | |
| DX-24 | Salary Worksheet for CSII promotion, D000340 | Yes | |
| DX-25 | September 10, 2021 – Email and memo re staff analyst promotion | Yes | |
| DX-26 | Record of military leave time, D000186 | Yes | |
| DX-27 | Emails between Rivers-Smith, Lynch, and Brenda Stewart regarding military leave time, June 19-21, 2018 | Yes | |
| DX-28 | Email from Rivers-Smith to Kronos regarding military leave, 8/9/2018 | Yes | |
| DX-29 | Hiring Freeze memos, January 16, 2018 & December 28, 2017, D000052-53 | Yes | |